Liu v. Bondi

BIA
Palmer, IJ
A206 997 533

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ZHENSONG LIU,
> *Petitioner,*

v.                                                    **23-6623**
                                                      **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               David A. Bredin, Esq., Flushing, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Aaron D. Nelson, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhensong Liu, a native and citizen of the People's Republic of China, seeks review of a May 31, 2023, decision of the BIA affirming an August 26, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhensong Liu*, No. A 206 997 533 (B.I.A. May 31, 2023), *aff'g* No. A 206 997 533 (Immig. Ct. N.Y. City Aug. 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of

2

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In practice, the "unless . . . compelled" standard "requires that an IJ's reasons for finding an applicant not credible be both (1) supported by substantial evidence in the record and (2) logically related to the applicant's credibility." *Singh v. Garland*, 6 F.4th 418, 426 (2d Cir. 2021).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.

3

2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Liu was not credible.

The agency reasonably relied on an inconsistency about the injury or injuries Liu sustained during his alleged detention. On direct examination, Liu testified that he had blurred vision, and on cross-examination, he specified that his right eye was injured and pointed to that eye. The medical report he provided stated that he had vision loss in his left eye. To explain the discrepancy, Liu said that his right eye initially had more problems but that his left eye also had blurred vision, and that he pointed to his right eye because he had been punched there. While perhaps a plausible explanation, an applicant "must do more than offer a plausible explanation for inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzles*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted).

This inconsistency alone could support the adverse credibility determination as it calls into question both Liu's testimony that he was arrested and beaten and the validity of the medical records he produced. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.");

4

*Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that "a material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (quotation marks and citation omitted)).

Liu also did not mention the injury to his eye or eyes in his written statement, and letters from his family state that he was injured without mentioning specific injuries or vision problems. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). It was not unreasonable to expect Liu to mention the injuries to his eye or eyes in his written statement given his testimony that he was still experiencing pain and vision loss at the time of the hearing in 2019 (about six years after the alleged beating).

Liu's argument that he testified that *both* eyes were injured and that the agency failed to consider that testimony in reaching its adverse credibility

5

determination does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B). The argument does not resolve the inconsistency or explain why Liu would point to his right eye when asked where he was injured, then testify that the left eye sustained a worse injury. On this record, a reasonable fact-finder could make an adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Given these issues calling Liu's credibility into question, the agency also reasonably relied on Liu's lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency identified several issues with Liu's corroborating evidence.

The agency reasonably declined to give weight to the statements from Liu's family. The statements were not accompanied by the declarants' identity documents, and the declarants were interested witnesses who were unavailable for cross-examination. *See Likai Gao*, 968 F.3d at 149 (the "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We

6

generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  And the statements did not address the specific injuries Liu allegedly sustained and thus did not resolve the inconsistency.

Given the inconsistency that calls into question Liu's testimony about his arrest and detention and the validity of his medical evidence, combined with the lack of reliable corroboration or evidence from his alleged fellow arrestees, substantial evidence supports the agency's adverse credibility determination.  *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273.  To the extent that Liu's claims for asylum, withholding of removal, and CAT relief stemmed from this alleged past harm, the adverse credibility finding is dispositive.  *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

As a final matter, Liu argues that the agency erred when it rejected his claims for asylum and withholding of removal based on his continued practice of Christianity in the United States.  "[A]n applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long*

*as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible."* Paul v. Gonzales, 444 F.3d 148, 154 (2d Cir. 2006). Liu did not establish a well-founded fear of future persecution based on his practice of Christianity in the United States.

An applicant may show a well-founded fear of future persecution by demonstrating that he would be "singled out individually for persecution" or that there is a "pattern or practice" of persecution of "persons similarly situated." 8 C.F.R. § 1208.13(b)(2)(iii) (asylum); *see also id.* § 1208.16(b)(2)(i) (withholding). "[T]o establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). "The appropriate burden of proof varies according to the type of relief sought: an applicant must show a clear probability in the withholding context, and only a reasonable possibility in the asylum context." *Id.* at 143 (quotation marks omitted).

Liu did not show that he would be singled out for persecution because he

8

was not credible as to his alleged past persecution and he did not allege that Chinese authorities were actually aware of his practice of Christianity in the United States. Thus, to meet his burden, he had to demonstrate that there was a realistic chance that authorities would become aware of his activities, essentially that there was a pattern or practice of persecuting ordinary church members in China. *Id.* He did not meet that burden. The IJ reasonably concluded that the State Department reports did not reveal a pattern or practice of persecution of Christians for attending underground or unregistered churches. The reports reflect incidents of persecution of anti-government activists and church leaders, but also that there are tens of millions of practicing Christians in China. And the reports identify only one incident in Liu's home province, and it involved the arrest of a Catholic priest. Thus, while showing some religious persecution, the State Department reports do not establish a "pattern or practice" of persecution of individuals "similarly situated" to Liu. *See* 8 C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(2). That conclusion is dispositive of asylum, withholding of removal, and CAT relief based on his practice of Christianity in the United States. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to show a well-founded fear, "necessarily fails" to meet the higher burdens for

9

withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10